UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOSHALMAR SPANN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> COX COMMUNICATION, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No.: 2:23-cv-00093-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Motion for Clerk's Entry of Default, (ECF No. 7), filed by Plaintiff Nicoshalmar Spann. Defendant Cox Communication filed a Response, (ECF No. 11), to which Plaintiff filed a Reply, (ECF No. 13).

Also pending before the Court is Plaintiff's Motion for Update on the Motion for Clerk's Entry of Default, (ECF No. 18).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Clerk's Entry of Default because he failed to properly serve Defendant under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 4 and **DENIES** as moot his Motion for Update on the Motion for Clerk's Entry of Default because it renders ruling on that Motion in this Order.

I. **BACKGROUND**

This case arises from Defendant's alleged breach of contract. (*See generally* Compl., ECF No. 1). On January 18, 2023, Plaintiff filed his Complaint in this Court, and a summons was issued to Defendant that same day. (*Id.*); (Summons, ECF No. 2). Nearly two months later, Plaintiff filed the instant Motion for Clerk's Entry of Default, (ECF No. 7), attesting he properly executed service on Defendant under Rule 4, and that despite being served, Defendant failed to "answer or otherwise respond to [his] [C]omplaint . . . ." (*Id.* 1:13–14). In his Proof of

Service filed alongside his Motion for Clerk's Entry of Default, (ECF No. 8), Plaintiff attached a receipt showing he mailed the Summons and Complaint to Defendant via the United States Postal Service ("USPS"). (*Id.* at 3–4). The Court discusses Plaintiff's Motion for Clerk's Entry of Default below.

## II.  LEGAL STANDARD

Obtaining default judgment is a two-step process governed by Rule 55 of the Fed. R. Civ. P. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. Rule 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* Additionally, the Rule 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.* After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).

Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III.  DISCUSSION

Defendant argues that Plaintiff's Motion should be denied because he failed to effectuate service. Specifically, Defendant advances Plaintiff failed to effectuate service under Rule 4 because he "only mailed a copy of the Summons and Complaint to [it] via USPS . . . ." (Resp. 2:4–6, ECF No. 11). In response, Plaintiff "acknowledges [his] procedural error in service of

process" but nevertheless requests the Court "exercise its discretion to forgive th[is] error in the interest of justice." (Reply 1:22–25).

      While the Court appreciates Plaintiff's acknowledgment, it cannot ignore the fact that he failed to effectuate service under Rule 4. "Service by mail is not permitted under Nevada or federal law." *Crain v. Mercedez Benz of USA*, No. 2:22-cv-00806, 2022 WL 1922075, at *1 (D. Nev. Nov. 10, 2022) (citing cases). And service is an important requirement that services as "a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (cleaned up). Without proper service, there is no personal jurisdiction, *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982), unless a defendant waives the defect "of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a response pleading." *Id.* (citing *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844 (9th Cir. 1969).

      In its Response, Defendant explained it is challenging the sufficiency of Plaintiff's service and "not[ed] this Court's lack of jurisdiction." (Resp. 1:27–28). It is Defendant's prerogative to waive effective service. It did not do so here. The Court will not infringe on Defendant's right and claim jurisdiction before Plaintiff completes service in compliance with Rule 4. Because it is evident that Plaintiff failed to effectuate service under Rule 4, a clerk's entry of default is not appropriate. *See Ruiz v. Aragon*, 1:22-cv-01468, 2023 WL 1420663, at *1 (E.D. Cal. Jan. 31, 2023) ("Here, it is evident that Plaintiff himself improperly attempted to serve Defendants. Thus, a clerk's entry of default is not appropriate against the Defendants because service was not proper under Fed. R. Civ. P. 4."). Moreover, the Court finds a clerk's entry of default is not appropriate because Defendant indicated its intent to defend by filing a limited notice of appearance to contest Plaintiff's Motion for Clerk's Entry of Default. For these reasons, Plaintiff's Motion is DENIED.

///

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clerk's Entry of Default, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Update on the Motion for Clerk's Entry of Default, (ECF No. 18), is **DENIED as moot**.

**DATED** this __16__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT