UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOSHALMAR SPANN,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS,<br><br>Defendant. | Case No. 2:23-cv-00093-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF Nos. 37, 38 |

Pending before the Court are two motions including (1) Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 37) and (2) Defendant's Motion to Dismiss and Compel Arbitration (ECF No. 38).  The Court considered the Motions as well as the respective responses and replies.  For the reasons stated below, the Court recommends Plaintiff's Motion for Leave to File an Amended Complaint be denied and the Motion to Dismiss and Compel Arbitration be granted.

**I.  Discussion**

There is no dispute that Plaintiff received telephone and internet services from Defendant—Cox Communications—commencing in 2018 and ending in 2023.[1]  ECF No. 38 at 2 *citing* ECF No. 38-2 ¶ 12.  There is also no dispute that the terms of service are set out in the Residential Customer Service Agreement (the "RCSA") that includes an agreement to arbitrate all claims that arise between Defendant and its customers.  ECF No. 38-2 ¶¶ 5-7.  In each monthly statement sent by Defendant to its customers, the customers are reminded of the arbitration provision to which they are bound if they do not opt out.  *Id*. ¶ 9.[2]  Here, Plaintiff states (1) he "has no objection to Arbitration" as he made a "request[]" to arbitrate "on January 3, 2023," (2) he "never submitted a notice" demonstrating an "intention' to opt out of the "controlling arbitration provision" in the

---

[1]  Plaintiff does not respond to this or other statements of fact presented in Defendant's Motion to Dismiss and Compel.  *Compare* ECF Nos. 38 *and* 43.

[2]  A copy of Plaintiff's first and last billing statement were provided to the Court by Defendant.  ECF Nos 38-6, 38-7.

1

RCSA, and (3) "[a]ll the Defendants' arguments relate to the Arbitration Clause, none of which is necessary." ECF No. 43 at 2-3.

Although Plaintiff agrees to arbitrate he asks the Court to stay this matter pending the outcome of the arbitration. *Id*. at 3. Plaintiff further seeks an order from the Court requiring (1) the arbitration be in person or by Zoom, and (2) Defendant to pay the "fees" (also referenced as "costs") arising from the arbitration. *Id*. at 1, 4. Importantly, Plaintiff states he understands the Court may be unable to grant his Motion seeking leave to amend, but he nonetheless wants to ensure that if the outcome of the arbitration is not "[e]quitable" he has the right to come back to the Court and serve Defendant with an amended complaint at that time. *Id*.

In the absence of any opposition by Plaintiff to whether his claims must be arbitrated, and given Plaintiff does not challenge the enforceability of the arbitration provisions (*see* ECF No. 43 generally), the Court recommends Defendant's Motion seeking an order compelling arbitration be granted.[3] *See Lebsock v. General Motors*, Case No. 2:22-cv-01082-JAD-EJY, 2023 WL 7042568, at *2 (D. Nev. Oct. 26, 2023) (discussing LR 7-2(d)). Whether Plaintiff's other requests may be granted is governed by well established law.

First, whether Defendant must pay costs associated with arbitration is a matter established by the terms of the arbitration agreement the enforcement of which is left to the arbitrator. ECF No. 38-5 at 14-15. The applicable 2022 RCSA arbitration provisions state:

> You and Cox agree that an arbitrator may only award such relief as a court of competent jurisdiction could award, limited to the same extent as a court would limit relief pursuant to the terms of this Agreement. Except as provided in Section 4(H) below, the arbitrator may resolve all disputes concerning whether this Dispute Resolution Provision is enforceable, unconscionable, applicable, valid, void, or voidable. An arbitrator may award attorneys' fees and costs if a court would be authorized to do so ….

> \*\*\*

> Cox will pay all filing fees and costs for commencement of arbitration, except the portion of such fees allocated to you under NAM's fee schedule then in effect. We agree that fees imposed by NAM will be due at the time set forth under NAM's rules, except that in no event shall the fees payable by the party responding to the demand for arbitration be due and payable earlier than 30 days from the date on

---

[3]   The Court notes that Defendant does not raise jurisdiction in its Motion to Dismiss and Compel Arbitration. ECF No. 38. For this reason, and because the Court recommends this matter be dismissed to allow Plaintiff to proceed in arbitration, the Court does not conduct a jurisdictional analysis in this report and recommendation.

2

which that party receives an invoice. You will be responsible for your own attorneys' fees and costs unless otherwise determined by the arbitrator. Cox will not seek to recover its fees and costs from you in the arbitration, unless your claim has been determined to be frivolous or to have been brought for an improper purpose.

*Id*. at 14-16 (sections 4(d) and 4(f)). Regarding where and how the arbitration will proceed, the agreement states: "[f]or claims above $25,000, the arbitration will be held at a location in the county of … [Plaintiff's] billing address" unless the parties agree to "another location, a remote video hearing, or a telephonic or 'desk' arbitration …." *Id*. at 16 (section 4(f)).

When parties to an arbitration agreement delegate broad authority to the arbitrator, as the arbitration agreement to which Plaintiff is bound clearly does (ECF no. 38-5 at 14-15 (section 4(d)), "a court may not override the [arbitration] contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. --, 139 S. Ct. 524, 529 (2019). *See also Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) ("language delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause[ ] constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement."). Thus, the Court cannot alter the terms of the arbitration agreement as requested by Plaintiff.

The law also governs whether Plaintiff will be entitled to return to Court if the outcome of the arbitration is not "[e]quitable." That is, the law limits court review of an arbitration award "to correcting a technical error, striking portions of an award unrelated to the subject of the arbitration, or vacating an award when it 'evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law.'" *Amazon.com Services LLC v. Indecor Home Co.*, Case No. C22-1560-JCC, 2023 WL 3004006, at *1 (W.D. Wash. Apr. 19, 2023) *quoting Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003). *See also* the Federal Arbitration Act, 9 U.S.C. § 9, referencing 9 U.S.C. §§ 10-11. In *Kyocera* the Ninth Circuit explained that under the FAA, "confirmation [of an arbitration award] is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera*, 341 F.3d. at 977 *quoting French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal quotation marks omitted).

Finally, Plaintiff seeks a stay, rather than dismissal, of this matter pending the outcome of the arbitration. The Court has broad discretion to dismiss rather than stay this action. *Aiello v. Sears Termite & Pest Control Inc.*, 70 Fed.Appx. 960 (9th Cir. 2003) *citing Sparling v. Hoffman Constr.*, 864 F.2d 635 (9th Cir.1988). *See also Hoekman v. Tamko Bldg. Prod., Inc.*, Case No. 2-14-cv-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) ("If a court ... determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration.") (internal citation and quote marks omitted). Here, Plaintiff does not contend the arbitration agreement is unenforceable; nor does he dispute that all of his claims must be brought in arbitration. ECF No. 43. Under these circumstances the Court finds no reason to stay the matter pending the outcome of arbitration.

## II.   Conclusion

Plaintiff does not dispute that he is required to arbitrate his dispute with Defendant under the terms of the arbitration provisions in the RCSA to which he is bound. Plaintiff presents no dispute regarding the enforceability of the RCSA's arbitration provisions. Plaintiff says he understands the Court may not be able to grant his Motion to Amend given this matter must be arbitrated. Plaintiff asks the Court to modify terms appearing in the arbitration provision such that (1) he does not pay costs associated with the arbitration, (2) the arbitration is held in person or by Zoom, and (3) he be allowed to come back to Court to challenge an outcome that he believes is inequitable.

As explained above, the Court does not have the authority to alter terms of an arbitration agreement when the enforceability of the agreement, including whether it is unconscionable, is delegated to the arbitrator. The interpretation of the agreement at issue, as well as the application of its terms, are left to the arbitrator who will apply the rules established by National Arbitration and Mediation. Plaintiff is not precluded from seeking judicial review of the arbitration outcome; however, that review is limited by statute.

## III.   Recommendation

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that the Motion to Dismiss and Compel Arbitration (ECF No. 38) be GRANTED.

4

IT IS FURTHER RECOMMENDED that the Motion for Leave to File an Amended Complaint (ECF No. 37) be DENIED without prejudice so that Plaintiff may file his claims in arbitration.

Dated this 27th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).